UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT G. CUNNINGHAM II, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:20-CV-103-JD-MGG |
| FULTON COUNTY JAIL, et al., | |
| Defendants. | |

OPINION AND ORDER

Robert G. Cunningham II, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Cunningham alleges that, at the Fulton County Jail, on March 5, 2020, Jail Commander Collins told him to hand a tray to another inmate through the doorway, knowing that the sliding door mechanism was faulty. As Cunningham complied, Jail Commander Collins triggered the mechanism without warning and

slammed the door on his wrist. As a result, he suffered pain and nerve damage, and he received inadequate medical care thereafter. Because Cunningham is a pretrial detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Based on these allegations, Cunningham states a plausible Fourteenth Amendment claim against Jail Commander Collins.

Cunningham also lists the Fulton County Jail, the Fulton County Medical Provider, and Sheriff Sailors as defendants. However, he cannot proceed against the Fulton County Jail because it is a building, not an individual or even a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Further, the unidentified medical provider is dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R.

2

Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997). Finally, Cunningham cannot proceed against Sheriff Sailors because he does not describe how this defendant was personally involved in his claims.

For these reasons, the court:

(1) GRANTS Robert G. Cunningham II leave to proceed on a Fourteenth Amendment claim against Jail Commander Collins for money damages for slamming his hand in the door on March 5, 2018;

(2) DISMISSES the Fulton County Jail, the Fulton County Medical Provider, and Sheriff Sailors;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Jail Commander Collins at the Fulton County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Jail Commander Collins to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Robert G. Cunningham II has been granted leave to proceed in this screening order.

SO ORDERED on March 26, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT