UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT G. CUNNINGHAM II, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-103-JD-MGG |
| CATHI COLLINS, | |
| Defendant. | |

OPINION AND ORDER

Robert G. Cunningham II, a prisoner without a lawyer, is proceeding on a Fourteenth Amendment claim of excessive force against Cathi Collins, the Commander of the Fulton County Jail. (ECF 6.) Specifically, he alleges that on March 5, 2018, he was handing his food tray to another inmate through a doorway when Commander Collins intentionally triggered the door mechanism, slamming his hand in the door. (ECF 1.) Commander Collins moves for summary judgment, arguing that Mr. Cunningham did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) before filing suit.[1] (ECF 22.) Mr. Cunningham submitted three responsive documents arguing that summary judgment should not be granted in Commander Collins's favor. (ECF 28, 33, 39.) Commander Collins filed a reply in support of her motion. (ECF 37.) The matter is now ripe for adjudication.

---

[1] Commander Collins served Mr. Cunningham with a copy of the notice required by N.D. Ind. L.R. 56-l(f) on August 4, 2020. (ECF 24.)

Under Federal Rule of Civil Procedure 56, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In deciding whether a genuine dispute of fact exists, the court must "consider all of the evidence in the record in the light most favorable to the non-moving party, and . . . draw all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Dunn v. Menard, Inc.*, 880 F.3d 899, 905 (7th Cir. 2018) (citation omitted).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to exhaust is an affirmative defense that the defendant has the burden of proving. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits[.]" *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Id*. at 1024.

Nevertheless, inmates are only required to exhaust administrative remedies that are actually available. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears on paper, but rather, whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The undisputed facts show that at all relevant times, the jail had a grievance process in place, which is contained in the "Fulton County Jail Inmate Rules and Regulations" handbook. (ECF 23-2 at 2.) Mr. Cunningham signed an acknowledgement that he received a copy of the handbook when he arrived at the jail on January 31, 2018. (ECF 23-1.) The policy provides that "[a]ny inmate confined in the Fulton County Jail having a grievance shall report it in writing to either the Sheriff of Fulton County or the Jail Commander[.]" (ECF 23-2 at 2.) The inmate must "verbally request a grievance form" and must describe "the nature of [the] complaint," keeping it "simple yet factual and on one topic." (*Id.*)

Mr. Cunningham spent approximately 22 months at the jail, during which time he filed more than 50 written requests and grievances about a variety of matters, including the handling of his mail, additions to his visitor list, a broken shower, requests to be moved, requests for outdoor recreation, and complaints about the medical care he was receiving. (ECF 23-3 at 1-68; ECF 23-4 at 1-17.) The record shows

3

that he did not, however, file any grievance about Commander Collins intentionally slamming his hand in the door in March 2018. (*See id.*)

In response to the motion, Mr. Cunningham primarily focuses on the merits of his claim against Commander Collins, an issue not presently before the court.[2] (ECF 28 at 1; ECF 33 at 2.) As for the exhaustion issue, he claims that he did not know how to request a grievance form and was not made aware of the grievance process. (ECF 33 at 2.) However, he does not offer any evidence to undercut his signed acknowledgement that he received a copy of the policy when he arrived at the jail. (*See* ECF 23-1.) Additionally, his assertion is belied by the fact that on March 28, 2018, he used a grievance form to complain about an issue related to his medication. (ECF 23-3 at 9.) The court therefore finds this argument unavailing.

He also argues, in effect, that as long as he complained about the incident in writing, this should be sufficient under the grievance policy. (ECF 33 at 4.) Such an argument runs counter to the "strict compliance approach" to exhaustion employed by the Seventh Circuit. *Dole*, 438 F.3d at 809. But in any event, there is nothing in the record to suggest that Mr. Cunningham ever complained in writing—whether on a grievance form, a request form, or some other document—about Commander Collins slamming his hand in the door. As he points out, he did complain about his medical care, including in a request form submitted in November 2018. (ECF 23-3 at 29.) In that

---

[2] The court notes that Mr. Cunningham states several times that Commander Collins was "negligent" in operating the door. (*See* ECF 33 at 2-3.) Negligence would not give rise to a Fourteenth Amendment claim. *See Miranda v. County of Lake*, 900 F.3d 335, 353 (7th Cir. 2018). The court understood Mr. Cunningham to be alleging in his complaint that Commander Collins acted intentionally, or at least recklessly, during this incident.

4

document, he stated that he was refusing to see the doctor at the prison because he "talks to me like I'm lying," and went on to complain about his medical care. (*Id.*) Toward the end of the document, he stated, "I understand accidents happen, but why I am the one suffering." (*Id.*) He appears to argue that this was sufficient to exhaust his excessive force claim against Commander Collins, but the court disagrees. He did not describe the incident with the door, specifically accuse Commander Collins of any misconduct, or even mention his hand. Indeed, records reflect that Mr. Cunningham was also involved in a car accident while being transported by police around this same time period. (ECF 23-3 at 17.) For all his November 2018 filing reveals, he was referring to the car "accident" and not the incident with his hand. Thus, even if the request form Mr. Cunningham submitted in November 2018 could be considered an acceptable alternative to a formal grievance, it does not contain enough information to alert jail officials to his complaint that Commander Collins intentionally slammed his hand in the door in March 2018. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (observing that the purpose of the grievance process is to alert officials to a problem so that corrective action can be taken); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) (observing that "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought").

Within one of his filings, he also makes a vague assertion that "the few [grievances] Mr. Cunningham did fill out were never returned." (ECF 33 at 2.) Such an assertion is inconsistent with his argument above that he did not know how to request a grievance form or use the grievance process. Assuming he could provide an adequate

5

explanation for this discrepancy, he does not specifically link this assertion to an alleged grievance about the March 2018 incident with his hand. He also does not include the assertion in a sworn declaration, nor does he provide any concrete details to suggest that the grievance records provided by Commander Collins are incomplete. *See Schultz v. Pugh*, 728 F.3d 619, 620 (7th Cir. 2013) (because prisoner failed to set forth specifics about why he was unable to exhaust, summary judgment for the defendants was proper).

Additionally, although his argument is somewhat difficult to follow, it appears he may actually be referring to the written complaints he made about his medical care stemming from this incident. (*See* ECF 33 at 4 ("Plaintiff did use the grievance process . . .  It's evident all medical visits was [sic] a follow-up from the incident [of] March 5, 2018.").) These documents are included in the record and have been considered by the court even if they were not physically "returned" to Mr. Cunningham by jail staff. As outlined above, his complaints about his medical care did not adequately alert jail officials that he was accusing Commander Collins of intentionally slamming his hand in the door in March 2018. Because the undisputed facts show that Mr. Cunningham did not exhaust his available administrative remedies before filing suit, this case must be dismissed without prejudice. *See* 42 U.S.C. § 1997e(a); *Perez*, 182 F.3d at 535.

For these reasons, the motion for summary judgment (ECF 22) is GRANTED. This case is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies in accordance with 42 U.S.C. § 1997e(a).

SO ORDERED on November 30, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT